

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

January 13, 1950

Hon. Theophilus S. Painter, President
The University of Texas
Austin, Texas

Opinion No. V-982

Re: Issuance of revenue
bonds under Article
2603c.

Dear Dr. Painter:

In your recent letter you state that the Board of Regents of The University of Texas desires to make certain improvements to the Union Building located on the campus of the University, and proposes to finance such improvements by the issuance of revenue bonds under the authority of Article 2603c, such bonds to be paid by the levy of a student building use fee. You ask the opinion of this department on the following questions:

"1. May the Board of Regents of The University of Texas issue bonds under the provisions of Article 2603c, V.C.S., for the purpose of financing permanent repairs and improvements by way of additions to the present Union Building on the campus of The University of Texas?

"2. If your answer to the foregoing question is in the affirmative, then please advise as to whether or not any fee levied under the provisions of Article 2603c, V.C.S., would have to come within the limitations of the fees authorized to be levied by Article 2654a, V.C.S.?

"3. Would any fee levied for the purpose of servicing bonds issued in financing improvements for the Texas Union Building under Article 2603c, V.C.S., be limited in any way by Article 2589d, V.C.S.?"

Article 2603c authorizes the Board of Regents of The University of Texas and the governing boards of the other educational institutions named therein to construct or acquire, without cost to the State of Texas, "dormitories, kitchens and dining halls, hospitals, libraries,

student activity buildings, gymnasia, athletic buildings and stadia, and such other buildings as may be needed for the good of the institution and the moral welfare and social conduct of the students of such institutions," and in payment of such construction or acquisition costs to issue negotiable bonds. Said boards are authorized to fix fees and charges for the use of a building constructed under the statute, and to pledge the same, along with the net revenue derived from such building for the payment of the bonds. It is provided in the statute that the fee to be assessed against a student for the use of the student activity building shall not exceed $4.00 for any one semester or for any one summer session.

The validity of Article 2603c was upheld by this department in Opinion No. 0-1694 on the basis of the holdings in Texas National Guard Armory Board v. McCraw, 132 Tex. 613, 126 S.W.2d 627 (1939); Lower Colorado River Authority v. McCraw, 125 Tex. 268, 83 S.W.2d 629 (1935); Brazos River Conservation and Reclamation District v. McCraw, 126 Tex. 506, 91 S.W.2d 665 (1936); Cherokee County v. Odem, 118 Tex. 288, 15 S.W.2d 538 (1929). Many millions of dollars of bonds have been issued under its terms.

The construction or acquisition of a student activity building is specifically covered in Section 1 of the statute. However, your inquiry relates, not to the original acquisition, but to the repair and improvement of an already existing building. There might be some question as to whether the statute would cover this except for that part of Section 4 of the statute which reads:

". . . In all cases where existing buildings or structures are repaired or enlarged or to which additions are constructed . . ."

It is evident that the Legislature intended for the power to construct and acquire to include the power to repair, to enlarge, and to construct additions. It follows that your first question is answered in the affirmative.

The Board of Regents intends to pay the requirements of the bonds by the levy of a building use fee. You wish to know whether such fee would have to come within the limitation imposed by Section 4 of Article 2654a (Acts 50th Leg.,R.S., Ch. 66, p. 96). Section 4 reads as follows:

"Section 4. Each of the governing boards of the various institutions of higher education named in Section 3 of this Article is expressly authorized, when deemed necessary by said governing board, to require and collect a fee or charge from all students registering in said institution to cover the costs of student services which the said governing board deem necessary or helpful in carrying on the educational functions of the institutions, these services to include such services as textbook rentals, recreational activities, health and hospital service, artists and lecture courses, debating and oratorical activities, student publications, and other approved student activities; provided, however, that no student shall be required to pay for such services more than Fifteen ($15.00) Dollars per semester or entire summer session. All fees and charges which have heretofore been collected, charged or attempted to be collected by the various institutions of higher education for any of the purposes named in this section under the heading of student services, regardless of the name by which such fee was designated, all of which fees having been charged, collected or attempted to be collected under authority of Article 2654-a or Article 2654-c of the Revised Civil Statutes of Texas, are hereby validated, confirmed, approved and authorized as though they had been authorized and collected by specific order of the various governing boards." (Emphasis added)

It is our opinion that any student activity building use fee must come within the $15.00 limitation imposed by the statute. It is noted that recreational activities and other approved student activities are covered by the statute. A student activity building (or union building) would clearly, in our opinion, come under "recreational activities" and "other approved student activities." In speaking of the Union Building of The University of Texas, the Austin Court of Civil Appeals stated the following in the case of Rainey v. Malone, 141 S.W.2d 713 (Tex. Civ. App.1940):

"It provides facilities for the conduct of various extra-curricular activities of social, recreational, and educational natures . . . "

Section 4 of Article 2654a, having been enacted subsequent to Article 2603c, would control if there is any conflict or inconsistency between the two articles. It is interesting to note that the Attorney General has consistently followed this construction since the enactment of Section 4 of Article 2654a, and has required evidence (in each instance of revenue bonds issued under Article 2603c and payable from a building use fee) that such fee when added to the other fees came within the $15.00 limitation.

It has been urged, because of the specific mention of Articles 2654a and 2654c in the last sentence of Section 4, that the fees authorized by Article 2603c were not intended to be covered. However, we cannot follow that construction. The first sentence of the section is the affirmative provision, and it is clear that it applies to all fees of the types enumerated and that the $15.00 limitation applies thereto. The second sentence effects only the validation of certain fees. If the Legislature had intended for the limitation to apply only to fees collected under the two named statutes, it would have been a simple matter to so provide. However, it did not so provide, for the statute is couched in broad terms as to the levy of fees and the limitation on such levy. Then the statute provides that certain fees _theretofore_ levied are validated. The two provisions are separate in this regard.

In answer to your second question, you are advised that any student activity building use fee levied under the authority of Article 2603c must come within the $15.00 limitation imposed by Section 4 of Article 2654a.

Your third question relates to Article 2589d, and you wish to know whether this statute limits the building use fee authorized by Article 2603c. Article 2589d was enacted in 1945 (Acts 49th Leg., Ch. 78, p. 115). Section 1 of the statute reads:

"Section 1. The Board of Regents of The University of Texas is hereby authorized to levy a regular, fixed student fee not to exceed One Dollar ($1.00) per student for each semester of the long semester and not to exceed Fifty Cents (50¢) per student for each term of the summer school, or any fractional part thereof, as may in their discretion be just and necessary, for the sole purpose of operating, maintaining, and improving the

Texas Union; provided, however, that the amount
of this fee may be changed at any time within
the limits hereinbefore fixed in order that suf-
ficient funds to support the Union may be raised.
Provided that any student who is exempted from
the tuition fee shall be exempted from the union
fee."

Section 2 provides that the Auditor of The Uni-
versity shall collect said fees and credit the same to an
account known as the Student Union Fee Account. Section
3 relates to the budget.

It is our opinion that the student activity build-
ing use fee authorized by Article 2603c for the payment of
bonds and the union fee authorized by Article 2589d for
operation, maintenance, and improvement of the Union Build-
ing are separate and apart from, and independent of, each
other. The latter could be classed as a current expense
fee to take care of the current operation and maintenance
costs and day by day improvements. The former is a fee to
pay the requirements of bonds issued for capital improve-
ments. In fact, it is recognized in Article 2603c itself
by the following language that the fees authorized there-
under are separate and distinct from other authorized fees:

"The fees and charges so fixed for the use
of any such building or buildings shall not be
collected after payment in full shall have been
completed for the building or buildings for
which said fees shall be pledged. Thereafter
the right of said respective Boards to fix
charges and fees shall depend on laws other
than this Act as hereby amended."

This language shows that the fee authorized by Arti-
cle 2603c is totally distinct from the fee covered by Article
2589d. The building use fee is collected under Article 2603c
for the payment of the capital improvements and cannot be
collected after payment has been completed. The union build-
ing fee may be collected each year regardless of whether
there is indebtedness against such building.

It is our opinion that, while both these fees must
come within the limitation imposed by Section 4 of Article
2654a, they do not otherwise limit each other. Your third
question is, therefore, answered in the negative.

## SUMMARY

The Board of Regents of The University of Texas may issue bonds under Article 2603c for the purpose of financing the repair and improvement of, and the construction of additions to, the Union Building located on the campus, and levy and collect a student activity building use fee for the payment of the requirements of such bonds.

Any such building use fee would have to come within the limitations of fees imposed by Section 4 of Article 2654a.

Such building use fee collected under Article 2603c would not be limited by the Union Building fee authorized by Article 2589d.

APPROVED:

Charles D. Mathews
Executive Assistant

Joe R. Greenhill
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By _George N. Sparks_
Assistant

GWS-s